JUDGE CHIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

JOSEPH BORGES,

        Defendant.

- - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 13 2007

INDICTMENT

07 Cr. ___

**07 CRIM 1036**

## COUNT ONE

The Grand Jury charges:

1. From in or about June 2007 through in or about August 2007, in the Southern District of New York and elsewhere, JOSEPH BORGES, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and object of the conspiracy that JOSEPH BORGES, the defendant, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack" cocaine, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about June 5, 2007, JOSEPH BORGES, the defendant, and a coconspirator not named as a defendant herein ("CC-1") negotiated the price for approximately two ounces of "crack" cocaine with an individual at a location in the Bronx, New York.

b. On or about August 15, 2007, BORGES and CC-1 negotiated the price for approximately two ounces of "crack" cocaine with an individual at a location in the Bronx, New York.

(Title 21, United States Code, Section 846.)

COUNT TWO

The Grand Jury further charges:

4. On or about June 5, 2007, in the Southern District of New York, JOSEPH BORGES, the defendant, unlawfully, intentionally, and knowingly, did distribute and possess with intent to distribute a controlled substance, to wit, fifty grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1) and
   841(b)(1)(A); Title 18, United States Code, Section 2.)

COUNT THREE

The Grand Jury further charges:

5.   On or about July 6, 2007, in the Southern District of New York, JOSEPH BORGES, the defendant, unlawfully, intentionally, and knowingly, did distribute and possess with intent to distribute a controlled substance, to wit, five grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B); Title 18, United States Code, Section 2.)


COUNT FOUR

The Grand Jury further charges:

6.   On or about August 15, 2007, in the Southern District of New York, JOSEPH BORGES, the defendant, unlawfully, intentionally, and knowingly, did distribute and possess with intent to distribute a controlled substance, to wit, fifty grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A); Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

7.   As a result of committing the controlled substance offenses alleged in Counts One through Four of this Indictment, JOSEPH BORGES, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One through Four of this Indictment, including but not limited to proceeds obtained as a result of the offenses described in Counts One through Four of this Indictment.

## SUBSTITUTE ASSETS PROVISION

8.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846 and 853.)

_____          _____
FOREPERSON                         MICHAEL J. GARCIA
                                   United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

**JOSEPH BORGES,**

**Defendant.**

---

**INDICTMENT**

(Title 21, United States Code,
Sections 812, 841 & 846, Title 18,
United States Code, Section 2)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____ Foreperson.

*Case assigned to Judge Chin*

11/13/07